UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CLINTON TYRONE LANG, Jr.,**

   **Plaintiff,**

vs.                                    Civil No. 4:22-CV-206-P

**TARRANT COUNTY
DISTRICT COURT, et al.,**

   **Defendants.**

### OPINION and ORDER OF DISMISSAL
### UNDER 28 U.S.C. § 1915(e)(2)(B)

The case is before the Court for review of pro-se plaintiff Clinton Tyrone Lang Jr.'s ("Lang") pleadings under the screening provision in 28 U.S.C. § 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Lang must be dismissed under authority of that provision.

### BACKGROUND

Lang filed a civil complaint and a motion to proceed in forma pauperis. Complaint, ECF No. 3; Mot. To Proceed In forma Pauperis, ECF No. 4. Although the magistrate judge granted the in-forma- pauperis motion, the issuance of summons was withheld subject to screening of the pleadings required in 28 U.S.C. § 1915(e)(2)(B). Because the original complaint was voluminous, the Court then directed Lang to file an amended complaint not in excess of thirty pages, which he eventually did on April 28, 2022. Orders, ECF Nos. 9, 16; Am. Compl., ECF No. 14. After reviewing the amended complaint, the Court directed Lang to file a more definite statement to include his "answers [to] the Court's questions . . . which answers [would] constitute a more definite statement of the factual and legal basis for his claims." Order for More Definite Statement ("MDS")1, ECF No. 17. Lang filed a four-page MDS (entitled "Motion for a More Definite Statement") that wholly failed to comply with the specific directives in the Court's order. Order for MDS 1-3, EF No. 17;  MDS 1-4, ECF No. 18. Notwithstanding his deficiencies, the Court will

consider Lang's MDS in reviewing his claims.[1]

Thus, the operative pleadings are Lang's amended complaint and his MDS. He seeks relief for violations of his constitutional rights under 42 U.S.C. § 1983. Am. Compl. 1-5, ECF No. 14. In the amended complaint, Lang names three defendants: the Tarrant County District Court System; the Texas Department of Criminal Justice; and private attorney Steven G. Gebhardt. Am. Compl. 2-3, ECF No. 14. Lang provided the following responses to questions in the completed form complaint:

    A.    Where did the events occur?

    The County State allowed misconduct. My attorney Steven G. Gebhardt was negligent and acted with prosecutorial misconduct.

    B.    What date and time did the events occur?

    February 2020 only last Court date in the 297th District Court.

    C.    What are the facts underling your claims?

Attorney Steven Gebhardt threatened and bribed me with systematic abuse. He did this in concern with my winning of an Aggravated Robbery Case. Case # 1584454. He told me that they would give Leroy Muckle a deal on the same case although they had him red handed with the dropping of glove on camera exiting the jewelry store. It contained his DNA. He continued by mentioning that they would get him to accept a small perjury charge by recanting his sworn

---

[1]. The Court's Order for an MDS listed twelve total (inclusive of sub-parts) "inquiries and requests," and provided that "Plaintiff must respond to the inquiries and questions by writing answer in paragraphs numbered to correspond to the number of each inquiry or request." Order for MDS 3, ECF No. 17. The order also directed Plaintiff to include a declaration, and informed him in bold type that "[f]ailure to timely and completely comply with this order may result in the dismissal of Plaintiff's claims without further notice." *Id*. (citing Federal Rule of Civil Procedure 41(b)). Lang did not follow the Court's direction, and thus, his case could be subject to dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failing to comply with a Court order. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (noting that Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court). Because of the potential application of the statute of limitations, however, a dismissal without prejudice could operate as a dismissal with prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). Thus, the Court will go ahead and address Lang's claims under the review required in 28 U.S.C. § 1915(e)(2)(B).

> affidavit. The deal would be to entrap me. That is prosecutorial misconduct to threaten to deliberately get someone to commit a crime to entrap someone. The involuntary confession. No prosecutor nor Defense can win a case with this present depending on whom it favors.

Am. Compl. 4, ECF No. 14.

In the Relief section of the amended complaint, Lang wrote the following:

> Requesting $20,000,000 Twenty Million Dollars and no cent. Requesting that charges, convictions be overturned that are related to February 2020 Tarrant County District Court Charges/Convictions due to the Necessity Defense Section 9.22. Especially the Possession of Weapon by Felon Case # 1584456. But all should be overturned due to Corruption and Prosecutorial Misconduct. Necessity Defense Sec. 9.22 of Texas Penal States that relief from the restraints of having to use this defense may take place before or afterwards a decision has been made by victims suffering.

Am. Compl. 5, ECF No. 14.

As noted, the Court directed Lang to provide specific answers to several questions in the form of a more definite statement, to better understand and review the viability of any of his allegations. Order for MDS, ECF No. 17. As will be explained, because Lang did not answer the Court;'s particular questions, the claims against the party defendants as stated, must be dismissed.

## STANDARD OF REVIEW UNDER § 1915(e)(2)(B)

Because Lang is proceeding in-forma-pauperis in this proceeding, his pleadings are subject to screening under 28 U.S.C. § 1915(e)(2)(B). That provision provides for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may

be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### Tarrant County District Court system - No Jural Existence

Lang named as the first defendant the Tarrant County District Court system. But Lang has not shown that the Tarrant County District Court system has its own jural existence and is itself subject to suit. In the Court's order for an MDS, it expressly noted that Lang could only sue a government entity that had its own jural existence and noted Fifth Circuit case law regarding jural existence. Order for MDS 2-3, ECF No. 17 (citing *Darby v. City of Pasadena*, 939 F.2d 311, 313-14 (5th Cir. 1991) (A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence); *Parker v. Fort Worth Police Department*, 980 F.2d 1023, 1025-26 (5th Cir. 1993) (reversing and remanding dismissal of claims against Fort Worth police department, with instruction to allow Plaintiff leave to amend to name the City of Fort Worth itself).

In spite of the Court's order informing Lang of the law on jural existence and the express directive for him to either address whether the Tarrant County District Court system had its own jural existence or to name another government entity and set forth facts of how that government entity was responsible, Lang wholly failed to respond to this question. MDS 1-3, ECF No. 18. But "[f]ederal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, Civ. A. No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases).

Because Lang has failed to show that the Tarrant County District Court system is a separate legal entity with the capacity to be sued, all of his claims against that entity must be dismissed for failure to state a claim upon which relief may be granted.

*See Dotson v. Ricks,* No. 4:16-CV-674-Y, 2018 WL 3046250, at *3 (N.D. Tex. Jun. 20, 2018) (dismissing plaintiff's claims against the Fort Worth Police Department where he failed to state facts showing the department had jural existence and expressly declined the Court's inquiry as to whether he sought to name any other government entity as a defendant); *see generally Baker v. Navarro Cnty. Jail System*, Civ. A. No. 3:09-CV-1004-L, 2009 WL 3295136 at *2 (N.D. Tex. Oct. 9, 2009) (granting Rule 12(b)(6) motion where plaintiff failed to allege that County granted the department jail system jural authority).

### No Color of Law - Private Attorney Steven G. Gebhardt

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993). As to Lang's extensive allegations against his attorney, he has failed to satisfy the second element. Lang has failed to show that Steven G. Gebhardt, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

Furthermore, Lang has made no allegation that Lang was acting on behalf of the government or in any conspiracy with government officials. In the Order for an MDS, again, the Court expressly asked Lang to "state facts, not conclusions, that would relate to whether attorney Gebhardt took any action under color of law?" Lang did not reply to this question. Thus, Lang has not alleged facts to show that attorney Gebhardt was acting under color of law, such that any claim against Gebhardt for violation of Lang's constitutional rights asserted through 42 U.S.C. § 1983, must be dismissed for failure to state a claim upon which relief may be granted.

### Eleventh Amendment Bar--Texas Department of Criminal Justice

Lang has also named the Texas Department of Criminal Justice as a defendant.

Am. Compl. 2, ECF No. 14. In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or a state agency. S*ee Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *see also Okpalobi, et al. v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) ("[t]he Eleventh Amendment bars suits by private citizens against a state in federal court, irrespective of the nature of the relief requested") (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)). The Court of Appeals for the Fifth Circuit has expressly recognized that the Texas Department of Criminal Justice, as an instrumentality of the state, is immune from suit under the Eleventh Amendment. *Harris v. Angelina County, Texas*, 31 F.3d 331, 338 n. 7 (5th Cir. 1994) (citations omitted). In the Order for an MDS, the Court directed Lang to explain the basis for his claims, and to state facts to support any claim against the Texas Department of Criminal Justice. Order 3, ECF No. 17. Lang did not answer this question. Thus, Lang's claims against the Texas Department of Criminal Justice are barred by Eleventh Amendment immunity.

### Claim Challenging the Validity of Convictions Not Addressed

Lang's amended complaint also, in part, challenges the fact of his convictions. An. Compl. 5, ECF No. 14. A § 1983 complaint is not the proper action in which to assert challenges to convictions. A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitled him to release must pursue habeas corpus relief rather than civil rights relief under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Lang has filed a complaint on a form reserved for § 1983 claims, his challenges to the viability of his convictions must be pursued through a petition for writ of habeas corpus. The Court will dismiss the remaining claims without prejudice to Lang's right to seek habeas corpus relief.

### CONCLUSION

It is therefore **ORDERED** that all plaintiff Clinton Tyrone Lang Jr.'s claims against the Tarrant County District Court system, Texas Department of Criminal Justice, and Steven G. Gebhardt are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii). It is further **ORDERED** that Lang's remaining claims challenging his convictions are **DISMISSED WITHOUT PREJUDICE** to his ability to seek relief through a habeas corpus proceeding.

**SO ORDERED** this **12th day** of **October, 2022**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE